IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
*Southern Division*

AVERY C. VANDERHURST,

      **Plaintiff,**

v.                                    **Case No.: 8:13-cv-02143-PWG**

THOMAS TIPPETT,

      **Defendant**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## JOINT PRETRIAL ORDER

In accordance with Local Rule 106 and the Court's April 3, 2018 Memorandum (ECF No. 79), the parties jointly submit this proposed pretrial order.

    a) **Plaintiff proposes to prove the following facts in support of his 42 U.S.C. § 1983 claim.**

Plaintiff Avery Vanderhurst has filed this suit against Montgomery County police officer Thomas Tippett under 42 U.S.C. § 1983. Mr. Vanderhurst claims that Officer Tippett violated his constitutional rights to be from excessive force on July 31, 2012.

On July 31, 2012, Officer Tippett and his Special Assignment Team had been surveilling Mr. Vanderhurst throughout the day. The Team never observed him to be in possession of any controlled substances or drug paraphernalia, nor did they observe him to be armed with any weapons or to be violent. Over the course of the day, the Team set out to arrest Mr. Vanderhurst for engaging in a suspected drug transaction.

In the course of carrying out this arrest, the Team stopped Mr. Vanderhurst's vehicle as he was driving in Montgomery Village, surrounding him with multiple police cars. Mr. Vanderhurst willingly stopped his vehicle in compliance with law enforcement directives.

When Officer Tippett exited his vehicle to carry out the arrest, he consciously, deliberately, and with malice aforethought decided to bring his electronic control device ("taser") with him to approach Mr. Vanderhurst because he intended to tase him during the course of the arrest.

An officer then came to the driver's side of Vanderhurst's boxed-in vehicle and began yelling at Vanderhurst, and told him that he was under arrest, and ordered him to exit his vehicle. Vanderhurst immediately complied by removing his hands from the steering wheel and raised them in the air, complying with law enforcement's directives.

When Mr. Vanderhurst had exited the vehicle he stood with his hands at his sides, surrounded by three to four law enforcement officers. He did not attempt to flee. He did not attempt to strike any officers. He did not attempt to reach for any weapons. He did not make any verbal threats.

The officers allegedly proceeded to attempt to handcuff Mr. Vanderhurst. In the course of their physical contact with Mr. Vanderhurst, Officers Tippett deployed his taser against Mr. Vanderhurst when he presented no risk of fleeing, no risk of harm to law enforcement officers, did not attempt to strike an officer, did not actively resist the officers, and made no verbal statements of lack of compliance or threats.

Within nine seconds from the first deployment, as Mr. Vanderhurst laid stunned, in pain, and completely incapacitated, Officer Tippett then pressed the Taser against Mr. Vanderhurst's back and deployed a direct drive stun for the sole and express purpose of causing severe pain.

Both deployments of the taser were improper, unreasonable, performed with malice and without legal justification. At no time during this encounter was Mr. Vanderhurst resisting arrest or acting as a danger to himself or others.

This violent, unjustified use of force put Mr. Vanderhurst at severe risk of bodily harm and death. However, law enforcement did not provide him any medical attention and took him directly to lock-up where he was searched and processed. During the intake process he was seen briefly by a nurse who only wiped away the blood from the taser prong wounds and provided him no additional medical care.

Plaintiff claims that Officer Tippett's actions constituted excessive force and violated his constitutional rights.

**b) Defendant's brief statement of facts which he proposes to prove or rely upon as a defense to Plaintiff's claims and in support of qualified immunity.**

On July 31, 2012, Plaintiff was observed by the Sixth District Special Assignment Team ("SAT team"), of which Officer Tippett was a member, engaging in a suspected drug transaction with a passenger in his Lincoln Navigator. Part of the SAT team followed and confronted the passenger who was found in possession of crack cocaine and who identified Plaintiff as the seller of the drugs. The other part of the SAT team, which followed Plaintiff as he conducted some short-duration stops at apartment/condo complexes, received confirmation via secured radio channel that Plaintiff was the drug seller. Upon receiving this confirmation, the SAT team conducted a vehicle tactical block of Plaintiff's vehicle.

The involved officers approached Plaintiff's vehicle, identified themselves as police officers, told Plaintiff he was under arrest, and to put his hands up. Plaintiff was instructed to come out of his vehicle and to immediately get face down on the ground. When Plaintiff came out of his vehicle, he immediately tensed up, took a bracing stance and hunched over pulling his hands in front of his body to avoid getting onto the ground and to avoid being handcuffed behind his back. When Plaintiff pulled his hands to the front of his body, this allowed him to get his hands into the area of his waistband and front pockets. Because Plaintiff had not been frisked, and drug dealers

3

are known to carry dangerous and deadly weapons like knives and guns, predominantly in their waistband and front pockets, Officer Tippett perceived this to be a very dangerous situation for officer safety—especially since Plaintiff was being noncompliant and actively resisting the officer's attempts to get him onto the ground and into handcuffs. The officers repeatedly ordered Plaintiff to put his hands behind his back for handcuffing, but Plaintiff would not comply with any of the officers' orders.

Because Plaintiff is substantially larger than the 3 officers who were attempting to place Plaintiff under arrest, their efforts to force Plaintiff onto the ground and pull his arms behind his back were ineffective. Therefore, Officer Tippett decided to deploy his TASER in probe mode to the upper left-side of Plaintiff's back. Officer Tippett perceived that the TASER deployment may have been effective because Plaintiff went face down to the ground, but he also noticed that one of the probes was not attached to Plaintiff, without which, the TASER would have no effect.

When Plaintiff went to the ground, he kept his hands in front of his body near his waistband and refused to comply with the officers' orders to put his hands behind his back. Plaintiff kept rolling side to side using the momentum to pull against the officers' efforts to remove his hands from beneath him. Even with the officers exerting all of their physical strength pulling on Plaintiff's arms, Plaintiff was able to keep his hands beneath him. During this entire time, Plaintiff refused to comply with repeated orders to put his hands behind his back for handcuffing.

Officer Tippett then removed the cartridge from his TASER and attempted to deploy a drive tase. Officer Tippett attempted to find a part of Plaintiff's body to make contact with bare skin to conduct the drive tase, but could not get a good contact due to Plaintiff's struggles and movements. Officer Tippett did not observe the drive tase to have any effect, so he discarded the TASER and reengaged in the physical attempts to get Plaintiff's hands from beneath him for

handcuffing. Plaintiff continued to struggle against the officers, and eventually the officers were able to pull one of Plaintiff's arms behind his back for handcuffing. After another struggle of approximately 10 to 15 seconds, they were able to pull Plaintiff's other arm behind his back for handcuffing. The officers were physically exhausted following this lengthy struggle to get Plaintiff into handcuffs.

Officer Tippett's use of the TASER was objectively reasonable based on Plaintiff's active resistance to the officers' attempts at handcuffing Plaintiff, coupled with the danger that Plaintiff posed with the positioning of his hands and ready access to any weapons he may have had. Officer Tippett acted consistent with Montgomery County's policies, training and prevailing law, and as such, Officer Tippett is entitled to qualified immunity.

Defendant objects to the introduction of any evidence or testimony in which Plaintiff attempts to dispute the probable cause, reasonable suspicion and/or lawfulness of his arrest. This is the subject of Defendant's pending Motion for Specific Relief and/or Motion *in Limine* to Exclude Testimony of Plaintiff's Expert (ECF No. 72), based on the fact that probable cause for Plaintiff's arrest was conclusively established by his subsequent conviction for distribution of a controlled dangerous substance post-jury trial.

c) **Counterclaims, cross-claims or third party claims.**

The parties have not raised, and do not intend to raise any counterclaims, cross-claims, or third party claims at trial.

d) **Amendment of pleadings.**

The parties' require no amendments to their pleadings, which include Plaintiff's Amended Complaint (ECF No. 57) and Defendant Tippett's Answer (ECF No. 59).

e) **Abandonment of pleadings.**

The parties do not intend to abandon any issues raised in their pleadings.

**f)  Stipulations of fact.**

The parties have agreed to certain evidentiary stipulations, which appear *infra* at § M, and have agreed to the following stipulation of fact in accordance with Local Rule 106.2(f):

> 1.    Defendant Officer Tippett was using his police department issued Taser on the day in question against Plaintiff Avery Vanderhurst.

**g)  Damages.**

Plaintiff makes no claims for economic damages.

Plaintiff claims non-economic damages of pain and suffering, and violations of his constitutional rights as may be assessed by the trier of fact.

Plaintiff is seeking punitive damages as may be assessed by the trier of fact. Officer Tippett acted with conscious disregard for the rights and safety of Mr. Vanderhurst, with the great probability of causing Mr. Vanderhurst substantial harm. *See* Amended Complaint, ¶30. Officer Tippett's actions were taken with ill-will, actual malice, or a spirit of revenge, and were an abuse of his power as a police officer. *Id.* at ¶31.

Plaintiff also claims reasonable attorneys' fees and costs in accordance with 42 U.S.C. § 1988 should he prevail and as may be available and approved by the Court post-trial.

Defendant denies that Plaintiff was injured as a result of Officer Tippett's use of the TASER, and demands strict proof of all claims for damages.

**h)  Exhibits.**

The parties agree that the following exhibits may be offered into evidence without authentication pursuant to Local Rule 106.2(h), and the parties further stipulate as to the admissibility of the documents pursuant to Local Rule 106.2(g), (l), (m):

1.      TASER Download (stipulated redacted version) (MC00780)

2.      Use of Force Report (MC 00055-MC 00056)

3.      Photos of Scene (MC 00164-MC00170)

4.      Officer Tippett Deposition Exhibit 3, Annotated Photo of Scene

5.      06.10.05 Event Report (MC 00462-MC00468)

6.      Function Code 131: Use of Force (MC 00172-MC 00178)

7.      Headquarters Memorandum 01-19; Use of M26 TASER (MC 00179-MC 00180)

*Plaintiff*

Plaintiff intends to offer the following additional exhibits. Defendant's objections are noted below:

8.      Charging Statement (MC 00002-MC00004). Defendant objects. Defendant would consent to admissibility with redaction of any information related to Plaintiff's criminal charge for resisting arrest, but Plaintiff does not consent to said redaction. Defendant respectfully refers the court to the arguments contained in his motion *in limine,* which seeks exclusion of all evidence related to Plaintiff's acquittal based on the reasons cited therein. (ECF No. 89.) Plaintiff's acquittal for resisting arrest is not relevant, nor is it admissible, because the acquittal is not an element of Plaintiff's claim of excessive force in this case (unlike, for example, if Plaintiff's claim was for false arrest). *See* ECF No. 89. Consequently, it would be prejudicial to Defendant to permit the Charging Statement to be submitted into evidence referencing the charge for resisting arrest, because it would impermissibly lead the jury to engage in speculation as to the outcome of that charge. Evidence of Plaintiff's criminal charge and acquittal for resisting arrest would also be highly

prejudicial to the Defendant because the probative value is substantially outweighed by the danger of misleading the jury, unfair prejudice, and confusion of the sole issue in this case.

9. Officer Tippett's Notes (MC 00013). Defendant objects to the submission of Officer Tippett's Notes as substantive evidence because the notes may be cumulative to the testimony offered by Officer Tippett and contain information not relevant to the Plaintiff's sole claim in this case. Additionally, the notes may be prejudicial, confusing to the jury, and could mislead the jury on the sole issue in this case.

10. Officer Tippett Employee Profile (MC 00326-330).

11. 06.10.05 Use of Force Report (MC 00483-86). Defendant will stipulate to the admissibility of MC00483-MC00484 only. Defendant objects to MC00485-MC00486 which contains hearsay, was not written by Officer Tippett, and relates to events that did not involve Officer Tippett in any way.

12. M26/X26 Comparison (MC 000518). Defendant objects. The referenced document was authored/created/disseminated by Taser International, Inc., which was provided to Plaintiff in response to a subpoena issued to the Montgomery County Department of Police. This document was not authored/created/disseminated by Montgomery County. There is no evidence to support that this material was used as part of Montgomery County's training of its police officers (i.e., no evidence that this specific document was adopted into or utilized during the training of Montgomery County police officers). There is no *Monell* claim, Montgomery County is not a party, and there is no claim for negligent training. The document is

hearsay. Plaintiff's expert did not rely upon this document in arriving at his opinions. The document is not relevant to the sole claim of excessive force against Officer Tippett. The document contains inflammatory language that would be prejudicial to Defendant. The document contains information that would be unduly prejudicial without providing the Defendant the opportunity of cross-examining the author of the document.

13. M/X26 Instructor Review Questions. Defendant objects. The referenced document is contained in a DVD authored/created/disseminated by TASER International, Inc., which was provided to Plaintiff in response to a subpoena issued to the Montgomery County Department of Police. This document/DVD was not authored/created/disseminated by Montgomery County. There is no evidence to support that this material was used as part of Montgomery County's training of its police officers (i.e., no evidence that this specific document was adopted into or utilized during the training of Montgomery County police officers). In fact, the document is apparently directed to "instructors," and there is no evidence whether Montgomery County adopted this document or content into its training. There is no *Monell* claim, Montgomery County is not a party, and there is no claim for negligent training. The document is hearsay. Plaintiff's expert did not rely upon this document in arriving at his opinions. The document is not relevant to the sole claim of excessive force against Officer Tippett.

14. In-service Certification Written Test (MC 00559-69). Defendant objects. This document is not relevant to the sole issue in this case, which is whether Defendant's use of the TASER was excessive. This case does not involve a *Monell* claim,

Montgomery County as a party, nor is there a claim against Montgomery County for negligent training.

15.  2012 Taser Recertification Course Materials (MC 00611-00650). Defendant objects. The 39 pages of materials identified contain general training material, including case law from other federal circuits that would cause undue confusion to the jury when the judge conducting this trial will instruct the jury of the applicable law in this case. The citations to cases would also be prejudicial to Officer Tippett because the jury could be misled or confused by the case law cited by other federal jurisdictions when the judge in this case will instruct on the relevant law. There is no *Monell* claim, Montgomery County is not a party, and there is no claim for negligent training in this case. The overwhelming bulk of the 39 pages cited, if not the entirety, are not relevant to the sole claim against Officer Tippett, would be highly prejudicial to his defense, and would certainly cause undue confusion to the jury.

16.  TASER "Warning". Defendant objects. The referenced document was authored/created/disseminated by Taser International, Inc., which was provided to Plaintiff in response to a subpoena issued to the Montgomery County Department of Police. This document was not authored/created/disseminated by Montgomery County. There is no evidence to support that this material was used as part of Montgomery County's training of its police officers (i.e., no evidence that this specific document was adopted into or utilized during the training of Montgomery County police officers). There is no *Monell* claim, Montgomery County is not a party, and there is no claim for negligent training. The document is hearsay.

Plaintiff's expert did not rely upon this document in arriving at his opinions. The document is not relevant to the sole claim of excessive force against Officer Tippett. The document contains inflammatory language that would be prejudicial to Defendant. The document contains information that would be unduly prejudicial without providing the Defendant the opportunity of cross-examining the author of the document.

17. Chief Taylor's Expert Report with Exhibits. Defendant objects. Chief Taylor's Report, and the numerous exhibits attached thereto, are hearsay, may be duplicative and cumulative of testimony, contain information which exceeds the scope of this case, are irrelevant, and not otherwise admissible (e.g., Chief Taylor's opinions relating to the probable cause for Plaintiff's arrest). Further, permitting Chief Taylor to submit these documents would be prejudicial to Officer Tippett since it could give undue weight to Chief Taylor's credentials which should be extracted through testimony.

Plaintiff reserves the right to offer the following exhibits, if necessary. Defendant's objections are noted below:

18. Internal Affairs Interrogation Transcript of Tippett (MC 00435-43). Defendant objects. Officer Tippett's statement to the Internal Affairs Division on June 14, 2013, is not admissible as substantive evidence because it cumulatively contains information that is not relevant and exceeds the scope of the sole issue of excessive force in this case, which will mislead and confuse the jury, cause Defendant undue prejudice, and

unnecessarily waste time. The statement may also be cumulative of Officer Tippett's trial testimony.

19.     Transcript of January 23, 2013 Jury Trial Testimony of Tippett (Testimony provided at Plaintiff's criminal trial.) Defendant objects. Officer Tippett's criminal trial testimony is not admissible as substantive evidence. The majority of Defendant's criminal trial testimony is not relevant and exceeds the scope of the sole issue of excessive force in this case. Introduction of the full transcript would be prejudicial since the purpose of the criminal trial was to question the probable cause for Plaintiff's arrest, which is not at issue in this case. This will cause the jury confusion, and could mislead the jury with regard to the sole issue in this case. Further, Defendant may be prejudiced by introduction of his criminal trial testimony as the parties in Plaintiff's criminal case were different than the current case; the standard of proof and underlying purpose of the criminal matter were entirely different than in this civil matter; the testimony elicited from Defendant was based on strategic choices made by the State's prosecutor in connection with Plaintiff's criminal prosecution; Defendant was not a party; and Defendant was not represented by an attorney. The sole issue in this case is whether Defendant's use of the TASER constituted excessive force. To the extent there is testimony during the criminal trial related to this issue, it may be cumulative of Defendant's trial testimony.

The parties reserve the right to utilize any document produced in discovery in this litigation as an exhibit at trial.

In accordance with Local Rule 106.2(h), Plaintiff identifies the following documents that he may seek to offer into evidence without authentication. Defendant's objections are noted collectively below:

20. UN Committee Against Torture TASER Report

21. Maryland Attorney General 2009 Task Force on Electronic Weapons Report

22. Taser Discharges in Maryland listing

23. OLR Research Report, Taser Use Guidelines 1-18-07

24. GAO Report Taser Weapons Use of Tasers by Selected Law Enforcement

25. The PSNI's Proposed Introduction of Taser Human Rights Advice

26. Strategies for resolving conflict and minimizing use of force

27. Information Packet for Taser Task Force Members 8-20-09

28. Amnesty International United States Justice Department Briefing

29. Amnesty International Reports on Taser Use in the United States

30. The Trouble with Tasers, from the Progressive #1-4 Index List

31. Coalition for Justice & Accountability Tasers A Reassessment

32. ACLU Taser Fact Sheet

33. Report of the North Carolina Taser Safety Commission

Defendant objects to the admissibility of Plaintiff's identification of documents numbered 20 through 33 above. Defendant has submitted a Motion *in Limine* addressing these documents. Plaintiff is identifying these documents for the first time in this Pretrial Order. There is no evidence that Plaintiff's expert witness reviewed or relied on any of these documents in arriving at his opinions; Plaintiff has failed to specify the relevance of these documents to the sole issue of

excessive force in this case; there is no *Monell* claim nor is Montgomery County a party; there is no evidence that any of these documents have been adopted by Maryland or Montgomery County as a standard of care; and Plaintiff's attempt to offer these documents into evidence is severely prejudicial to Defendant as he has had no notice of Plaintiff's intent to use these documents until this late date.

Further, Plaintiff's late designation of these documents directly circumvents the purpose of discovery, which is to prevent trial by ambush, to avoid unjust surprise to the opposing party, to promote the smooth conduct of trial, to allow for early assessments of relevance and prejudice, and to allow Defendant sufficient time to prepare a defense. Defendant has not been provided with copies of these documents, does not know what content Plaintiff seeks to use at trial, and does not have sufficient information to obtain them (Defendant is unable to make determinations as to the year that the documents were authored and whether they were "published"). Defendant is therefore unable to assess the relevance of the documents, nor does Defendant have adequate time to review the voluminous number of documents.

Allowing Plaintiff to submit these documents into evidence would cause prejudice to Defendant because it would give undue weight to Plaintiff's case. Further, the issue of Defendant's use of force is based on his objectively reasonable assessment of the need to use such force given the specific circumstances of Plaintiff's arrest, and not based on guidelines or task force recommendations proposed and/or written inside a vacuum.

*Defendant*

In accordance with Local Rule 106.2(h), Defendant identifies the following documents that he expects to offer into evidence without authentication. Plaintiff's objections are noted below:

34. Photograph/Mug Shot of Plaintiff following his arrest, July 31, 2012. (MC00153). Plaintiff objects to the admission of his photograph as unnecessary, cumulative, prejudicial, irrelevant and not probative. Plaintiff will be attending trial in person and there is no issue as to exactly how he looked on the day in question such that a photograph is necessary or would assist the jury.

Defendant reserves the right to use the following exhibits pursuant to Loc. R. 106.2(h):

35. Certified Copy of Plaintiff's Conviction (DE 72-2) (redacted to remove evidence of Plaintiff's acquittal for the charge of resisting arrest, which is the subject of a motion *in limine* filed by Defendant). Plaintiff objects to the admission of the conviction as impermissible hearsay, confusing to the jury and unduly prejudicial. However, if the conviction is going to be admitted, the accompanying acquittal on resisting should also come in for completeness, as a counterweight to the claim that Plaintiff was resisting, to avoid confusion by the jury and to not prejudice the plaintiff. This is the subject of a motion *in limine* filed by Plaintiff.

i) **Fact Witnesses**

Other than witnesses called for the express purpose of impeachment, the parties intend to call the following witnesses:

*Plaintiff*

Avery Vanderhurst
12509 Timber Hollow Place
Germantown, Maryland 20874
(301) 383-5300

Sandra Vanderhurst

12509 Timber Hollow Place
Germantown, Maryland 20874
(202) 422-0818

*Defendant objects to submission of testimony from Sandra Vanderhurst since she has no first-hand knowledge of Plaintiff's arrest or any alleged injury, and testified during her deposition that the only knowledge that she does possess is from hearsay statements that Plaintiff made to her.*

Sergeant Thomas Tippett
45 West Walkers Mill Road
Gaithersburg, Maryland 20879

Sergeant Mohardt
45 West Walkers Mill Road
Gaithersburg, Maryland 20879

Custodian of Records or Corporate Designee Montgomery County Police Department
45 West Walkers Mill Road
Gaithersburg, Maryland 20879

*Defendant*

Sergeant Thomas Tippett
45 West Walkers Mill Road
Gaithersburg, Maryland 20879

Sergeant Neil Mohardt
1002 Milestone Drive
Silver Spring, Maryland 20904

Defendant reserves the right to present the following witnesses as the need arises:

Captain Mark Plazinski
20000 Aircraft Drive
Germantown, Maryland 20874

Officer Richard Hillman
45 West Walkers Mill Road
Gaithersburg, Maryland 20879

Officer Mark Gooding
100 Edison Park Drive
Gaithersburg, Maryland 20878

Sgt. John Mullaney
100 Edison Park Drive
Gaithersburg, Maryland 20878

Sgt. Peter Baker
100 Edison Park Drive
Gaithersburg, Maryland 20878

Avery Vanderhurst
12509 Timber Hollow Place
Germantown, Maryland 20874
(301) 383-5300

**j) Expert Opinions**

The parties shall present the following Rule 26(a)(2)(A) expert witnesses at trial.

*Plaintiff*

Chief Roy Taylor
P.O. Box 226
Newberry, South Carolina 29108
(919) 697-1995

Chief Roy Taylor is the Chief of Police of Blue Ridge Public Safety in South Carolina. Chief Taylor has over 37 years of experience in law enforcement and is an expert in the areas of use of force and police practices and procedures.

Chief Taylor is expected to testify that he has reviewed all relevant records, transcripts, and reports in this case. On the basis of the facts set forth in those records and reports, and his own education, training and experience, he is expected to testify with reasonable certainty in the field of law enforcement practices and procedures and as provided in his written report, including that Defendant Tippett's deployment of an electronic control device against the Plaintiff in July 2012 was unnecessary, excessive, legally unjustified and was not in accordance with standard police practices, policies, procedures, customs, standards, training and guidelines. If allowed, Chief Taylor will additionally testify that Defendant Tippett lacked probable cause to arrest Mr.

Vanderhurst, so the force used against Mr. Vanderhurst was also exerted in an attempt to carry out an unlawful arrest. Chief Taylor will also testify generally as to the standards, procedures and policies regarding reasonable suspicion, probable cause, and use of force. He will also testify as to the use, properties, power and effectiveness of a Taser, or electronic control device, which may include demonstrating the device for the trier of fact.

Defendant objects to any demonstration of the TASER at trial. This is the subject of a motion *in limine* filed by Defendant.

*Defendant*

Sgt. Michael Stull
Montgomery County Sheriff's Office
8751 Snouffer School Road
Gaithersburg, Maryland 20879

Sgt. Stull has over 24 years in the field of law enforcement, and is a trainer at the Montgomery County Public Safety Training Academy ("PSTA"). Sgt. Stull is certified as a firearms instructor, an electronic control device instructor, and an Enhanced Instructor—all through the Maryland Police Correctional Training Commission ("MPCTC"). Sgt. Stull is certified as a Master TASER Instructor through TASER (2012-present). Among Sgt. Stull's duties at the PSTA, he instructs police recruits, conducts in-service training for sworn police officers, re-certifications for firearms, new user certification and recertification for TASER, and use of force (including protective instruments and reality-based training).

Sgt. Stull has demonstrable knowledge, training, education and experience in law enforcement including the use of force, the use or protective instruments, and TASERs. Sgt. Stull will be providing his expert opinions within these areas, as well as rebuttal to the opinions provided by Plaintiff's expert, Chief Roy Taylor. Sgt. Stull's testimony will include the training that Montgomery County police officers receive with regard to use of force, the levels of force and the

TASER. Sgt. Stull's expert opinions will be given based on a reasonable degree of probability within the field of law enforcement, which will include testimony about police procedures, practices and policies regarding the use and levels of force (Function Code 131), protective instruments, defensive tactics, and use of the TASER.

Sgt. Stull's opinion is that Officer Tippett's use of the TASER was objectively reasonable and appropriate given the circumstances of this case, and Officer Tippett acted consistent with his training and departmental policy. Sgt. Stull's testimony may include demonstration of prone handcuffing.

Consistent with the pending Motion for Specific Relief and/or Motion *in Limine* to Exclude Testimony of Plaintiff's Expert (ECF No. 72), Defendant objects to Plaintiff's attempt to elicit testimony from Chief Roy Taylor regarding an alleged lack of probable cause, unlawfulness of the arrest, a lack of reasonable suspicion, and the actions or perceptions of Officer Gooding.

Plaintiff objects to Sgt. Stull offering opinions as an expert witness as he was not properly designated and did not provide a report.

**k) Depositions**

Pursuant to Local Rule 106.2(k), neither party intends to offer all or part of any deposition testimony as substantive evidence in this case under Federal Rule of Civil Procedure 32(a)(4). Both parties reserve the right to use any portion of a deposition transcript for impeachment purposes.

**l) Pretrial Relief and Pending Motions**

The following motions are pending at this time.

1. Defendant's Motion for Specific Relief and/or Motion *in Limine* to Exclude Testimony of Plaintiff's Expert (ECF No. 72);

2. Defendant's Motion *in Limine* to Exclude Documents Identified in Plaintiff's Pretrial Order (ECF No. 85);

3. Defendant's Motion *in Limine* to Exclude Evidence of Indemnification (ECF No. 86);

4. Defendant's Motion *in Limine* to Exclude Evidence of Plaintiff's Alleged Injury, Medical Treatment, and Permanency (ECF No. 87);

5. Defendant's Motion *in Limine* to Taser Demonstration from Trial (ECF No. 88);

6. Defendant's Motion *in Limine* to Exclude Evidence of Plaintiff's Acquittal (ECF No. 89);

7. Plaintiff's Motion *in Limine* to Exclude Plaintiff's Criminal Record (ECF No. 90);

8. Plaintiff's Motion *in Limine* to Exclude Evidence of Underlying Conviction (ECF No. 91);

9. Plaintiff's Motion *in Limine* to Exclude Sgt. Stull as a Fact Witness (ECF No. 92).

**m) Any Other Matters**

The parties have reached the following evidentiary stipulations.[1]

1. Defendant specifically objects to the admissibility of the <u>Report of the Maryland Attorney General's Task Force on Electronic Weapons (Dec. 2009) ("Report"),</u> and does not waive his objection to any prospective attempt by Plaintiff to utilize the Report during trial. In the event the Court permits Plaintiff to utilize the Report during trial over Defendant's objection, the parties stipulate that the issue of race (Plaintiff is African American; Defendant is Caucasian) will not be raised during the trial including, but not limited to, any

---

[1] The parties have agreed to these evidentiary stipulations in lieu of requiring Defendant to file motions *in limine*. The parties respectfully request the Court's approval of these stipulations, and Defendant respectfully requests additional time to file motions *in limine* as to these matters in the event the Court so requires.

evidence, testimony or argument that race played any factor in Officer Tippett's decision to employ the TASER. The parties also stipulate that, in the event the Court permits Plaintiff to utilize the Report during trial, Plaintiff will not refer to any contents of the Report relating to race, and that no portion of said Report referring to or referencing race will be admitted into evidence.

2. The parties stipulate that no evidence or testimony will be offered by any party or witness, including expert witnesses, of the fact that an investigation was conducted by the Montgomery County Department of Police, Internal Affairs Division ("IAD"), following Plaintiff's arrest and Complaint to said Division. If statements given the IAD investigation are introduced or used for impeachment or to refresh a witness' recollection, they will simply be referred to as "previous statements." The parties specifically agree that any and all references to "IAD" are excluded. The parties agree that, in the event the IAD investigation is inadvertently raised during trial, an immediate curative instruction should be given. However, the parties disagree with regard to the content of the curative and present their respective curative instruction proposals as follows, requesting the Court rule on a curative instruction before trial:

In the event that this fact is inadvertently raised in front of the jury the parties propose the following curative instructions:

*Plaintiff*: You must disregard any references you heard regarding an internal affairs department investigation by the Montgomery County Police Department as it is irrelevant to this proceeding and you are being instructed to draw no conclusions whatsoever from the fact that there may have been an internal investigation.

*Defendant*: You are instructed to disregard the reference(s) that you heard regarding an internal affairs investigation by the Montgomery County Police Department. The charges that Plaintiff brought against the involved officers through internal affairs resulted in the officers' exoneration, which means that, following an investigation, the actions of the involved officers were found to be justified, lawful and proper. The internal affairs investigation is not relevant to this proceeding and you are instructed to draw no conclusions whatsoever from the fact that there may have been an internal investigation or the outcome therefrom.

3. The parties stipulate that no evidence, testimony or argument will be offered by any party or witness, including expert witnesses, relating in any way to the fact that Plaintiff was strip searched subsequent to his arrest.

4. Plaintiff stipulates that he will not call Tayvon Byas and Shanee Neal as witnesses.

Respectfully submitted,

_____/s/_____

Veronica Nannis (Bar No. 15679)
Megan A. Benevento (Bar No. 19883)
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Telephone: (301) 220-2200
Facsimile: (240) 553-1748
vnannis@jgllaw.com
mbenvento@jgllaw.com
*Court-Appointed Counsel for Plaintiff*

_____/s/_____

Christine M. Collins (Bar No. 14345)
(*signed by Veronica Nannis with permission of Christine Collins*)
Associate County Attorney
101 Monroe Street, Third Floor
Rockville, Maryland 20850
Telephone: (240) 777-6765
Facsimile: (240) 777-6705
Christine.Collins@montgomerycountymd.gov
*Counsel for Defendant*